UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

OPELTON KELLY, #225090

       Plaintiff,

                                    Case No.  2:10-cv-51

v.

                                    HON. ROBERT HOLMES BELL

R SHUBERT, *et al.*,

       Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## <u>REPORT AND RECOMMENDATION</u>

On February 16, 2012, Magistrate Judge Timothy P. Greeley issued a Report and

Recommendation ("R&R") recommending that Defendant Schubert's motion for summary

judgment (Dkt. No. 51) be granted as to Plaintiff's claim that he was denied use of a

microwave on the basis of his race, and denied as to Plaintiff's retaliation claim.  (Dkt. No.

66.)  This matter is before the Court on objections filed by Plaintiff (Dkt. No. 68) and by

Defendant Schubert (Dkt. No. 67).

This Court makes a *de novo* determination of those portions of an R&R to which

specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general

objection to a magistrate's report, which fails to specify the issues of contention, does not

satisfy the requirement that an objection be filed.  The objections must be clear enough to

enable the district court to discern those issues that are dispositive and contentious."  *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or

all of the Magistrate Judge's findings or recommendations.  *Id.*

Defendant Schubert objects to the Magistrate Judge's determination that there is a genuine issue of material fact regarding Plaintiff's retaliation claim.  Specifically, Defendant Schubert argues that the disciplinary action taken against Plaintiff was in response to violations of prison policy and would have occurred even if Plaintiff had not engaged in protected conduct.  (Dkt. No. 67 at 3.)  However, Plaintiff has presented evidence — including multiple grievance forms, a witness affidavit, and reference to prison video — in support of his position that the disciplinary action was retaliatory.  Given the Court's obligation to draw all justifiable inferences in favor of the non-moving party, the Court finds that the Magistrate Judge's recommendation was sound.

Plaintiff objects to the Magistrate Judge's recommendation that his equal protection claim be dismissed for failure to exhaust administrative remedies.  Plaintiff attempts to undercut the Magistrate Judge's finding that he had not exhausted remedies by submitting an MDOC memorandum noting that Plaintiff had filed grievances against Defendant Schubert on April 26, 2009, and July 22, 2009, and that "[s]tep II grievances were file [sic] and based on the findings the grievance appeals were denied."  (Dkt. No. 68, Ex. A.) However, Plaintiff offers no indication that he followed the grievance process to step III, as required for exhaustion, nor has Plaintiff produced any evidence or specific allegations of interference with the grievance process.  Accordingly,

**IT IS HEREBY ORDERED** that the February 16, 2012, R&R (Dkt. No. 66) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Schubert's motion for summary judgment (Dkt. No. 51) is **GRANTED** in **PART**.  The motion is **GRANTED** with respect to Plaintiff's claim that he was denied use of a microwave of the basis of race.  The motion is **DENIED** with respect to Plaintiff's retaliation claim.


Dated: March 22, 2012                                /s/ Robert Holmes Bell
                                                     ROBERT HOLMES BELL
                                                     UNITED STATES DISTRICT JUDGE